ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
California Bar No. 149883
Assistant United States Attorney
Chief, Asset Forfeiture Section
  Federal Courthouse, 14th Floor
  312 North Spring Street
  Los Angeles, California 90012
  Telephone: (213) 894-6166
  Facsimile: (213) 894-7177
  E-mail: Steven.Welk@usdoj.gov

Attorneys for Plaintiff
United States of America

JS 6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>         v.<br><br>$61,098.00 IN MONEY ORDERS; $12,850 IN TRAVELERS CHECKS;) $17,741.00 IN U.S. CURRENCY; $208,220.00 IN U.S. CURRENCY; $1,031,900.00 IN U.S. CURRENCY; and $404,600.01 IN BANK FUNDS,<br><br>                Defendants.<br><br>BEHZAD ZAMAN, NEDA ZAMAN,<br><br>                Claimants. | NO.   CV 08-06066-DSF (CWx)<br>(*Consolidated With*)<br>NO.   CV 10-6727-DSF (CWx)<br><br>**FINAL CONSENT JUDGMENT OF FORFEITURE** |

      The lead civil forfeiture action captioned above was commenced on September 16, 2008. The real property action was commenced on September 10, 2010. The cases were consolidated by order of November 15, 2010 (DN 33). The sole remaining parties are plaintiff United States of America (the "government") and claimants Behzad and Neda Zaman ("Claimants"). The parties have reached an agreement that is dispositive of this action, and request that the Court enter this consent judgment of forfeiture.

      The Court, having been duly advised of and having considered the matter, and based upon the mutual consent of the parties hereto,

      ORDERS ADJUDGES AND DECREES:

      1. This Court has jurisdiction over the subject matter of this action and over the parties to this Consent Judgment.

      2. The Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. § 981(a) with respect to the defendant assets.

      3. Notice of this action has been given as required by law. No one other than Claimants is claiming any of the defendant assets.

      4. The government shall have judgment for a total of two million dollars ($2,000,000.00), consisting of the following:

      a.    $61,098.00 in Money Orders, $12,850 in Travelers Checks, and $17,741.00 in U.S. currency seized on April 9, 2008, at Concord English Language Center ("Concord");

      b.    $199,080.00 in U.S. currency seized on April 9, 2008 at the defendant real property;[1]

---

[1] The total amount seized from the defendant real property was $208,220.00 in U.S. Currency. The government reached a settlement with former claimant Irma Torres, who was the sole claimant to $9,140.00 of that currency. The money claimed by Irma Torres was returned to her in exchange for her agreement to withdraw her claim. DN 74.


      c.    $1,031,900.00 in U.S. currency seized on April 14, 2008 from safe deposit box number *****3352 in the names of Claimants at California Bank & Trust;

      d.    $14,308.95 seized from First Bank account number ******1837 held in the name of Jila Zaman;

      e.    $112,617.54 from First Bank account number ******1811 held in the name of Bahman Zaman;

      d.    $66,612.78 from Bank of America account number ******-3132 in the name of Behzad Zaman;

      e.    $68,908.70 from Bank of America account number ******-1069 held in the name of Concord Educational Group, Inc.;

      f.    $92,599.06 from Bank of America account number ******-2201 held in the name of Concord Educational Group, Inc

      g.    $15,000.00 seized from Bank of America account number ******-9091 held in the names of Jinnette M. Zaman and Behrouz Zaman[2];

      h.    $1,651.73 seized from California Bank & Trust account number ******6461 held in the name of Zaman Plaza, LLC;

      i.    $16,012.64 seized from Center Bank account number ***-1017 held in the name of Bahman Zaman.  (The total value of assets (a) - (i), immediately above, is $1,710,380.40); and

      j.    a payment by Claimants of $289,619.60, in lieu of forfeiture of any interest in the defendant real property.

5. Claimants shall pay to the government the amount set out in paragraph

---

[2] A total of $26,510.35 was originally seized from this account, but $11,510.35 of those funds were returned to Behrouz and Jinnette Zaman in settlement of their claims.  DN 73.

3

4(j) in the form of a certified or cashier's check made payable to "United States Custom and Border Protection," and delivered to AUSA Steven R. Welk within 60 days of the entry of this judgment. This date may be extended in a writing signed by counsel for the parties, and the government agrees that it will not unreasonably withhold its consent to a request for such an extension. In the event the payment is not made within 60 days of entry of this judgment (or an extended deadline as provided for above), the government shall be allowed to take possession of the defendant property and sell it to satisfy this obligation, in accordance with paragraph 6, below. If said payment is made in a timely manner, the government shall withdraw its lis pendens against the defendant real property within 10 days of its receipt of such payment.

      6. Should the payment called for in paragraph 4(j) not be made in a timely manner, the government shall have the right, without further order of the Court:

        a. to take possession of the defendant property and remove all persons and personal property from such real property upon the giving of ten (10) days notice to any occupant(s);

        b. to thereafter sell the property pursuant to its usual procedures for the sale of forfeited real property; and

        c. to distribute the proceeds of sale as follows:

          (1) First, toward the payment of any real property taxes owing on the property;

          (2) Second, toward the payment of any recorded lien pre-dating the recording of the government's Notice of Lis Pendens with respect to the property;

          (3) Third, toward the payment of any costs incurred by the government in connection with the taking of possession and sale of the property;

          (4) Fourth, toward the payment of the amount remaining due

|   |   |
|---|---|
| 1 | to the government pursuant to this Consent Judgment; |
| 2 | (5) Fifth, toward the payment of any recorded liens post- |
| 3 | dating the recording of the government's Notice of Lis |
| 4 | Pendens with respect to the property; and |
| 5 | (6) Sixth, the remainder, if any, shall be paid to Claimants. |

7. Claimants hereby release the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers and employees of the Department of Homeland Security and the Department of Justice, as well as any and all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims, actions, or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs and interest, which may be asserted by or on behalf of Claimants.

8. The Court finds that there was reasonable cause for seizure of the defendant assets and the institution of these proceedings.  This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

9. Pursuant to the agreement of the parties, each of the parties to this Consent Judgment shall bear its own fees and costs associated with this action.

DATED: 4/2/12

_____
THE HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

[Signatures of counsel appear on following page]

5

By their signatures hereunder, the government and Claimants stipulate and request that the Court enter this Consent Judgment and waive any right to appeal.

DATED: March 30, 2012

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

    /s/
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

Attorneys for Plaintiff
United States of America

DATED: March 30, 2012

KATTEN MUCHIN ROSENMAN LLP

    /s/
DAVID A. KETTEL

Attorney for Claimants